The chancellor, Brown, pronounced the following opinion and decree •.
“ The only question in this cause, which now comes on upon the bill, answers and report of the commissioner, (not excepted to,) is whether the court, upon the motion of the defendant Snickers, founded on his affidavit, and the affidavits of Joseph Tidball and Thomas Siribling, will recommit the report. If this question was confined to the case before the court, there would be less difficulty^ but, when the- question involves a principle of the utmost importance to suitors in this court, we ought to pause. Owing-to the situation of this chancery district, it is a well known fact that causes remain on the docket for years, in many instances, before a report of any kind can be had. Shall we, then, for the sake of an individual, who has discovered so much negligence, and such absolute contempt of the orders of this court, as the defendant Snickers appears, from the commissioner’s report, to, have done, introduce a precedent, of which all subsequent suitors will have a right to avail themselves, which will tend to such a delay as will be equal to a denial of justice ? This court will not, unless compelled by superior authority, establish such a precedent.
“ This much is observed, on a presumption that Snickers is not indebted to the plaintiff. But the court cannot suppose that this is the fact. Snickers’s answer and affidavit evidence the reverse : the affidavit of Tidball proves the reverse; and the affidavit of Stribling does not establish the fact that Snickers is not indebted. That part of Snickers’s affidavit, which states that he did not consider *509 himself interested, ought not, upon any principle, to be regarded. Can it be presumed that he was ignorant of the contents of a bill which he has answered? That bill {¡rays for an account and decree against Snickers. The order of court is founded upon that prayer. If ignorance in such a case be admitted as an apology, I know not when it could be denied; and if a recommitment be, in this case, directed, I should consider myself always bound, at the request of either party, to make such a direction.
Thursday, November 28th.
“ It is therefore adjudged, ordered, and decreed, that the defendant’s motion be overruled ; that the injunction awarded the plaintiff to stay execution o.f a judgment of the court of Frederick county in the bill mentioned, be perpetual; and that the defendant Snickers do pay unto the plaintiff the sum of 404/. 13s. id. current money of Virginia, and his costs.”
From which decree the defendant Snickers appealed.
The president pronounced .the following opinion of this court.
“The court, considering it better to permit individual suitors to abide by the effects of their own negligence, or contumacy, than to establish principles leading to the prostration of those rules which have been wisely established for the furtherance of proceedings in courts of equity, approves the decision of the chancellor, so far as it refuses to open the accounts anew; but, inasmuch as the sum reported in favour of the appellee greatly exceeds that which he seemed to think was due to him from the appellant; and which may probably have arisen from his opinion respecting the credits now claimed against him by the appellant, for wheat, delivered into the mill and unaccounted for, (for which he (the appellant) alleges himself to be responsible,) and for flour manufactured by the appellee, from his (the appellant’s) wheat; the court is inclined to depart from the decree of the chancellor, so far *510 as to let in the appellant to show himself entitled,,if he can, to credits, on these accounts, or either of them.
“.Decree reversed, and appellant directed to pay to the appellee, as the party substantially prevailing, his costs by him about his defence in this behalf expended. And it is ordered, that the cause be remanded to the said court -of chancery to be proceeded in upon the principles, and for the purpose aforesaid, and also for the purpose of allowing the appellee interest on the principal sum, which may be found due to him, to the time of payment”